IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,524-01






EX PARTE JOHN CASTILLO, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 99F0126-202-A IN THE 202ND DISTRICT COURT


FROM BOWIE COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while intoxicated and
sentenced to ten years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary because he was not aware of the enhancement
paragraph at the time he pleaded guilty in absentia. Applicant additionally asserts that he pleaded guilty
with the understanding that the good and work time credits he earned while serving a sentence in Arkansas
would be applied to his Texas sentence as well. Applicant also alleges that he was improperly arrested
and illegally imprisoned following his release to parole by Arkansas authorities following Texas authorities'
failure to properly lodge a detainer against him. Applicant has alleged facts that, if true, might entitle him
to relief. In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in that it shall order
the Texas Department of Criminal Justice's Correctional Institutions Division and Parole Division or other
appropriate authorities, to file affidavits listing Applicant's sentence begin date and the dates of issuance
of any detainers.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's claims
that his plea was involuntary and that he was improperly arrested and illegally imprisoned. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to
the disposition of Applicant's claim for habeas corpus relief. Additionally, the trial court shall forward any
records regarding Applicant's guilty plea and the admonishments given prior to the acceptance of the plea.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits or the
transcription of the court reporter's notes from any hearing, along with the trial court's supplemental findings
of fact and conclusions of law, shall be returned to this Court within 120 days of the date of this order. Any
extensions of time shall be obtained from this Court. 




Filed: June 20, 2007

Do not publish